OPINION
PER CURIAM.
Kelly Conard appeals from the District Court’s grant of summary judgment in favor of Appellees in her employment discrimination lawsuit. For the following reasons, we will affirm the District Court’s order.
Conard worked as a Police Communications Operator (“PCO”) with the Pennsylvania State Police (“PSP”) from 1985 until November 2002, when she voluntarily retired to join her husband who was serving in the military in Texas. In August 2004, Conard notified the staff of the PSP that she wanted to come back to work as a PCO. The selection process for the PCO position consisted of an interview and a background investigation. The PSP interviewed Conard for the PCO position but she was not selected because the results of the background investigation were unsatisfactory. Specifically, Appellees Hile and Tripp, as well as a former co-worker, told the trooper conducting the background investigation that Conard abused sick leave *339 during her previous employment and had to be placed on leave restriction. The background investigator also found that Conard’s credit history was troublesome because she was delinquent on several of her accounts. Further, the investigation revealed that Conard left a former job in Texas as an emergency dispatcher in 2003 due to stress. The PSP ultimately hired another female applicant for the position.
In her lawsuit, Conard alleged that Hile and Tripp retaliated against her in violation of her rights under the First Amendment and the Equal Protection Clause of the Fourteenth Amendment by not recommending her for the PCO position. She alleged that Hile treated her differently after she called his supervisor to request assistance for troopers in an emergency situation. She also brought a claim of gender discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq., and the Pennsylvania Human Relations Act against the PSP. After the close of discovery, the Appellees moved for summary judgment. At oral argument before the District Court, Conard withdrew all of her claims except for the First Amendment retaliation claim and the equal protection claims against Hile and Tripp. The District Court granted Appellees’ motion for summary judgment and entered judgment in their favor. Conard filed a timely notice of appeal challenging the District Court’s order.
We have jurisdiction over the final orders of district courts under 28 U.S.C. § 1291. We exercise plenary review over the District Court’s grant of Appellees’ motion for summary judgment. See Monroe v. Beard, 536 F.3d 198, 206 (3d Cir.2008). We apply the same standard in reviewing a motion for summary judgment as the District Court. Id. A motion for summary judgment should be granted only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c).
First, we agree with the District Court and Appellees that Conard’s equal protection claim is foreclosed by the Supreme Court’s decision in Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 128 S.Ct. 2146, 170 L.Ed.2d 975 (2008). In that case, the Court determined that the class-of-one theory, under which Conard brought her equal protection claim, is not applicable to the public employment context. Id. at 2148-49.[1] Therefore, the District Court properly granted summary judgment on this claim.
We further agree that Conard failed to raise a genuine issue of material fact with respect to her First Amendment claim. The Supreme Court has held that when a public employee makes a statement during the course of her official duties, the employee is not speaking as a citizen for First Amendment purposes, and thus “the Constitution does not insulate [her] communications from employer discipline.” Garcetti v. Ceballos, 547 U.S. 410, 421, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006). Only if the employee speaks on a matter of public concern or the government employer did not have an “adequate justification for treating the employee differently from any other member of the general public,” are the employee’s statements protected under the First Amendment. Id. at 418, 126 S.Ct. 1951.
Here, Conard alleges that Hile retaliated against her because she made a *340 phone call to Hile’s supervisor about his failure to respond to a shooting incident. According to Conard, she “broke the chain of command” and called Hile’s supervisor so that he would assist two troopers who needed backup. (Appellant’s Br. at 3.) Inasmuch as Conard’s duties included answering phone calls regarding police services and dispatching messages to state troopers, Conard’s call to a state trooper regarding a police emergency was an act performed during the course of her duties. Conard’s arguments that the call was outside of her “job description” and contrary to the PSP manuals are unpersuasive. See Garcetti, 547 U.S. at 424-25, 126 S.Ct. 1951 (Formal job descriptions are neither necessary nor sufficient to demonstrate that a task is within an employee’s professional duties for First Amendment purposes.) Further, we agree with the District Court that Conard’s attire at work, Tripp’s refusal to approve a personal day, and Tripp’s criticism of Conard’s phone manners are not matters of public concern. Id. at 420, 126 S.Ct. 1951 (“[Wjhile the First Amendment invests public employees with certain rights, it does not empower them to ‘constitutionalize the employee grievance.’ ”) (citation omitted).
For the foregoing reasons, we will affirm the District Court’s order granting Appellees’ motion for summary judgment.[2]

. A plaintiff states a claim under the class-of-one theory if she can demonstrate that defendant intentionally treated her differently from others similarly situated and that there was no rational basis for such treatment. Phillips v. County of Allegheny, 515 F.3d 224, 243 (3d Cir.2008).

. Appellant's motion to supplement the record is denied. See Fassett v. Delta Kappa Epsilon (New York), 807 F.2d 1150, 1165 (3d Cir.1986) ("The only proper function of a court of appeals is to review the decision below on the basis of the record that was before the district court.”)